IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TREVIS JOEL FREEMAN,**

                **Plaintiff,**

v.                          CASE NO. 17-3222-SAC

**LARRY MARKLE,**

                **Defendant.**

**NOTICE AND ORDER TO SHOW CAUSE**

      This matter is a civil rights action filed under 42 U.S.C. § 1983 by a pretrial detainee. Mr. Freeman proceeds *pro se* and *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

      Plaintiff complains of actions of the prosecutor, Larry Markle, in pretrial proceedings. He claims Defendant has exhibited bias, has withheld crucial evidence, has made false statements to the court, and has violated Plaintiff's Sixth Amendment right to a speedy trial. Plaintiff requests the appointment of a special prosecutor and that criminal charges be brought against Defendant.

**II. Statutory Screening of Prisoner Complaints**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its

sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff.  *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a *pro se* plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court need not accept "mere conclusions characterizing pleaded facts."  *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992).  In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed.

*Graham v. Connor*, 490 U.S. 386, 393-94 (1989).   The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right.  *Id.*

**III.  Discussion**

In Count I, Plaintiff alleges that he has been in the Montgomery County Jail for "two years nearly" awaiting trial.  As a result, he claims his Sixth Amendment right to a speedy trial has been violated. Plaintiff does not specify what type of relief he believes he is entitled to as a result of this alleged violation, whether monetary damages, enforcement of his right to a speedy trial, or dismissal of the charges pending against him and release from detention.

However, Plaintiff filed this action pursuant to § 1983. In *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973), the United States Supreme Court emphasized that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey,* 512 U.S. 477 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir.2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). An alleged violation of Plaintiff's speedy trial rights necessarily involves a challenge to the fact, length, or legality of his custody, not the conditions of his confinement.  Therefore, his claim is not cognizable in a § 1983 action and should be dismissed. *See, e.g., Jenkins v. Scott,* No. 94-3426, 1995 WL 547790 (10th Cir. Sept.15, 1995) (unpublished) (claim alleging violation of speedy trial rights not cognizable in a § 1983 action but must be brought in a habeas action).

3

Construing Plaintiff's claim as a habeas corpus action would not save it because Plaintiff has not shown or even alleged that he has exhausted his state court remedies. Mr. Freeman must properly present his claim to the highest state court before proceeding in federal habeas corpus. *See Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999). Plaintiff has not exhausted his claim in the Kansas courts.

The U.S. Supreme Court has observed that: "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Abstention by the federal court from interfering with state court litigation is required when three conditions are met: (1) there are ongoing state proceedings; (2) the state proceedings offer an adequate forum to hear the plaintiff's federal claims; and (3) the state proceedings implicate important state interests. *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), cert. denied, 523 U.S. 1005 (1998). These conditions are satisfied here. The state trial on the charges against Plaintiff is set for March 20, 2018. Mr. Freeman has failed to show that the state courts do not provide an adequate avenue for relief. *See Weitzel v. Div. of Occupational and Prof'l Licensing.,* 240 F.3d 871, 875 (10th Cir. 2001). As to the third factor, "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson,* 479 U.S. 36, 49 (1986). Thus, all of the *Younger* factors are met, and Plaintiff's constitutional claim is barred by the *Younger* abstention doctrine.

Moreover, even if Plaintiff's speedy trial claim were cognizable in a § 1983 action, his claim would fail on other grounds. Defendant Markle, Montgomery County Attorney, is entitled to prosecutorial immunity from suit. It is well established that prosecutors are absolutely immune

from suit for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). The alleged denial of Plaintiff's right to a speedy trial is precisely the type of circumstance for which prosecutorial immunity applies. Therefore, assuming the speedy trial claim could even be raised in this § 1983 action, Plaintiff has failed to state a claim upon which relief may be granted.

Absolute prosecutorial immunity also bars Counts II and III of Plaintiff's Complaint. In Count II, Plaintiff alleges Defendant withheld "crucial evidence on 7 occasions" during pretrial proceedings, and in Count III, Plaintiff claims Defendant made false statements to the court about the victim's injuries, overstating the extent of the injuries, also during pretrial proceedings. Both of these alleged actions are activities "intimately associated" with the judicial phase of the criminal process and thus protected by prosecutorial immunity. *Powell v. Spear*, 6 F. App'x 739, 741 (10th Cir. 2001) (citing *Imbler,* 424 U.S. at 431 n. 34 (rejecting the argument that the failure to disclose evidence is not associated with the judicial process); and *Robinson v. Volkswagenwerk AG,* 940 F.2d 1369, 1373 n. 4 (10th Cir. 1991) ("Whether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors.")).

## IV. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **April 16, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 15th day of March, 2018, at Topeka, Kansas.

> s/_Sam A. Crow_____
> **SAM A. CROW**
> **U.S. Senior District Judge**