## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TREVIS JOEL FREEMAN,**

              **Plaintiff,**

  v.                                                      **CASE NO. 17-3222-SAC**

**LARRY MARKLE,**

              **Defendant.**

## ORDER

    Plaintiff, Trevis Joel Freeman, is a state pretrial detainee housed at the Montgomery County Department of Corrections in Independence, Kansas. Plaintiff filed this *pro se* § 1983 action against the prosecutor, Larry Markle, alleging he exhibited bias, withheld crucial evidence, made false statements to the court, and violated Plaintiff's Sixth Amendment right to a speedy trial.

    On April 5, 2018, Mr. Freeman submitted a motion asking to dismiss the instant action without prejudice (Doc. 7). The Court must construe liberally the April 5 motion because Mr. Freeman submitted the motion on his own behalf. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will construe the April 5 motion liberally as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

    Rule 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by the defendant in this action. A voluntary

dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See Hyde Constr. Co. v. Koehring Co.,* 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See id*.

In his motion, Plaintiff also asks that he have "the full option to reopen [the] case in a proper form at a later time within 1 years time from this date." (Doc. 7). This portion of Plaintiff's motion is denied insofar as it conflicts with the Federal Rules of Civil Procedure. Rule 60(b) allows a party to file a motion requesting relief from a final judgment for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(c) provides that such motion must be made "within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c).

**IT IS THEREFORE BY THE COURT ORDERED** that the motion filed by Plaintiff on April 5, 2018 (Doc. 7), is **granted in part** and is construed as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

**IT IS FURTHER ORDERED** that the voluntary dismissal is effective as of April 5, 2018, the date the liberally construed notice of dismissal was filed in this action.

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated on this 25th day of April, 2018, in Topeka, Kansas.**

                                          **s/ Sam A. Crow**
                                          **SAM A. CROW**
                                          **U. S. Senior District Judge**